IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY

ATLANTIS MARINE TOWING, INC.,

   Plaintiff,

           CASE NO.:

v.

S/Y "WAYWARD WIND," her engines,
tackle, equipment, and appurtenances, <u>in rem</u>,
JEFFERY CUTSHALL, her owner, AND
THE HANOVER INSURANCE COMPANY,
her insurer, <u>in personam</u>,

   Defendants.

_____/

## <u>VERIFIED COMPLAINT</u>

Plaintiff, ATLANTIS MARINE TOWING, INC., by and through its undersigned counsel, hereby files this Verified Complaint in Admiralty against the S/Y "WAYWARD WIND" her engines, tackle, equipment, and appurtenances, <u>in rem</u>, JEFFERY CUTSHALL, her owner, and her insurer, THE HANOVER INSURANCE COMPANY, <u>in personam</u>, and alleges as follows:

1. This is a case of admiralty and maritime jurisdiction and an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and 28 U.S.C. §1333.

2. Plaintiff, ATLANTIS MARINE TOWING, INC., (hereinafter referred to as "ATLANTIS MARINE") is a corporation organized under the laws of the State of Florida, and at all times material hereto was doing business as a professional maritime salvage corporation in Dade County, Florida.

**Page 3**

10.     Given the severity of the weather, the rescue was on the very limits of ATLANTIS MARINE'S capabilities, and both, the salvage vessel and the S/Y "WAYWARD WIND," were continually inundated by waves and in danger of capsizing.

11.     The rescue lasted a total of four (4) hours, salvage was successfully accomplished and the S/Y "WAYWARD WIND" did not suffer any damage as a result of ATLANTIS MARINE'S salvage expertise.

12.     Had salvage not been requested by JEFFERY CUTSHALL and accomplished by ATLANTIS MARINE, the S/Y "WAYWARD WIND," would have drifted out of control onto a nearby reef, destroying or damaging the subject vessel, as well as the reef.

13.     The owner of the S/Y "WAYWARD WIND," JEFFERY CUTSHALL, voluntarily signed an "Approved Standard No Cure-No Pay Salvage Agreement" dated 10 October 2000, and thereby accepted the salvage services rendered by ATLANTIS MARINE. (See the Salvage Agreement attached hereto as Exhibit "B.")

14.     The salvage services rendered by ATLANTIS MARINE resulted in the subject vessel being successfully removed from the marine peril to which it was subject.

15.     Plaintiff, ATLANTIS MARINE, freely and voluntarily rendered salvage services and held no pre-existing duty or obligation to do so.

16.     Plaintiff, ATLANTIS MARINE, by virtue of having voluntarily and successfully delivered the subject vessel out of its marine peril, is entitled to a liberal salvage award which is based upon a percentage of the post-salvage, pre-repair value of the subject vessel and which takes into consideration the risk posed to the subject vessel; the promptitude, the skill and efficiency of the salvor; the labor and time expended by the salvor; the value of the materials employed by the salvor and the nature of the risk to which these materials were exposed; and the

**Page 4**

skill, efficiency, and effort of the salvor in preventing or mitigating damage to the environment as a result of the incident herein.

17.     Although ATLANTIS MARINE has made demand for said salvage award, no payment has been made for these services, and salvor has been forced to retain the services of the undersigned law firm and is obligated to pay them a reasonable fee for their services.

18.     Upon information and belief, the post-salvage, pre-repair value of the S/Y "WAYWARD WIND," is $30,000.00, and as such, ATLANTIS MARINE makes a high order claim for salvage in the amount of $12,500.00.

19.     The principal salvor in this matter was ATLANTIS MARINE TOWING, INC., and this suit is instituted on its behalf and on behalf of all other persons associated with it.  (See Exhibit "A" attached hereto.)

WHEREFORE, Plaintiff, ATLANTIS MARINE TOWING, INC., respectfully requests that this Court:

a.     Issue a warrant for the arrest of the S/Y "WAYWARD WIND," and that all persons with an interest therein may be cited to appear and answer the matter aforesaid;

b.     Issue process in due form against Defendant, JEFFERY CUTSHALL, citing here to appear and answer under oath the matters aforesaid;

c.     Grant ATLANTIS MARINE TOWING, INC., a liberal salvage award as well as interest thereon, pre-judgment interest costs and attorney's fees and that the S/Y "WAYWARD WIND," may be condemned and sold to pay said salvage award;

d.     Enter judgment against Defendant, JEFFERY CUTSHALL, for said salvage award as well as interest thereon, pre-judgment interest, costs and attorney's fees; and

e.     Grant such other relief as deemed just and proper under the circumstances.

**Page 5**

## COUNT II
## CLAIM FOR SALVAGE AWARD

Plaintiff adopts and realleges the allegations in paragraphs 1 through 19 and further alleges:

20.    Upon information and belief, Defendant, HANOVER INSURANCE, insured the hull and the engines of the subject vessel and would be pecuniarily liable for any loss of or damage to the vessel under Policy Number H00-00702-3 and/or any other applicable policies of insurance.

21.    By virtue of its pecuniary liability for loss of or damage to the S/Y "WAYWARD WIND," Defendant, HANOVER INSURANCE, has acquired a direct pecuniary interest in said vessel and is liable for the aforementioned salvage services to said vessel, said services constituting a direct benefit to Defendant by sparing it from the loss of the vessel.

22.    Upon information and belief, the post-salvage, pre-repair value of the S/Y "WAYWARD WIND," is $30,000.00 and ATLANTIS MARINE makes a high order claim for salvage in the amount of $12,500.00.

WHEREFORE, Plaintiff ATLANTIS MARINE TOWING, INC., respectfully requests that this Court:

a.    Issue process in due form against Defendant, THE HANOVER INSURANCE COMPANY, citing it to appear and answer under oath the matter aforesaid;

b.    Enter judgment against Defendant, THE HANOVER INSURANCE COMPANY, for said salvage award as well as interest, costs and attorney's fees; and

**Page 6**

c.     Grant such other relief as deemed just and proper under the circumstances.

DATED this _23_ day of _MARCH_ 2001.

> BLANCK & PERRY, P.A.
> 5730 SW 74th Street
> Suite 700
> Miami, Florida 33143
> Telephone: (305) 663-0177
> Facsimile (305) 663-0146
>
> By:_____
>      James H. Perry, II

## VERIFICATION

BEFORE ME, the undersigned authority, personally appeared **STUART KORPELA**, whom upon being duly sworn, deposes and says:

I am an authorized representative of Plaintiff corporation, ATLANTIS MARINE TOWING, INC., to wit, its _____, and as such have the authority to execute this verification; and I have read the foregoing Complaint and know the contents thereof and the same are true of my own knowledge, except as to the matters therein stated upon information and belief and as to those matters, I believe it to be true.

_____

SWORN TO AND SUBSCRIBED BEFORE ME having appeared and signed, _____ personally known to me or having produced _D. L. KWIY 78574?350_ as proper identification.

_____
NOTARY PUBLIC, State of Florida

**JOYCE P WEBSTER**

My Commission Expires:



Page 7

# EXHIBIT "A"

LOCAL ADMIRALTY RULE E(3)

Principal Salvor - ATLANTIS MARINE TOWING, INC.

BURT KORPELA
STUART  KORPELA

Page 8

# EXHIBIT "B"

# Standard Form Service Agreement

75073

## VESSEL ASSIST
### 24 HOUR DISPATCH

Service Provided By: _ATLANTIS MARINE Towing & Saluage  PoBox 1655 mia - FL - 332_

Service is independent and wholly owned and NOT associated with VESSEL ASSIST Association of America other than as a contractor to provide Services for VESSEL ASSIST.

Date _10 / 10 / 00_

## Membership Information

VAAA Membership # _____ Exp. Date _____ Personal Member verified with picture ID (Capt. Int.) _____

Member Type: | Basic | Shore | Mariners | Skippers | SailPort | Captains | Gold | Personal | (Other) _____

Vsl name _WAYWARD WIND_   Reg/Doc# _527837_   POB _/_   HmPrt _+ X_

LOA _33_   Make _SAil_   Colors _White / Blue_   Type:  P/V  (SAil)  PWC   Commercial

## Billing Information

I/We the undersigned, hereby request and authorize the service of the service provider to be performed and I/we further agree to compensate it for the services rendered in accordance with the terms listed below.

☐ VAAA Member Covered Services   ☐ Partial Coverage   ☐ Towage $/hr _____   ☒ Salvage

Cash / Check at completion of service                     Credit Card at completion of service

Amount $ _____ CK # _____ | C/C # _____ Exp Date _____

RCVD By: _____ | C/C Name _____ Auth # _____ D/L # _____

## Case Information

Disp By _OWNER_ – Operator _BUTT_   Towboat _C-M-_   N.O.D. _WETHER TO EXTREAM_

ETA _1 hour_   Rptd Posit. _EAST of KEY BISc-_   Lat _25 35·300_ Lon _180 03-012_

U/W @ _5:00_   Departed from _Mia-_   Lat _____ Lon _____

O/S @ _6:00_   O/S Posit. _25-34-826_   Lat _80-02-762_ Lon _____

In Tow@ _____   Service (Tow) | JumpStart | Fuel Del. | PartDel | (Other) _____ Time Spent O/S _30_

Secure@ _9:00_   Location _DiNNER KEY_   Resp. unit secured@ _9:30_

| Description | Beginning | End | Total Time | Hourly Rate | Charge |
|---|---|---|---|---|---|
| | 100AM 9:30 | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Notes: _D/- C 734390 88893ML-_

| | |
|---|---|
| Total Charges | |
| Coverage | |
| Balance Due | |

Owner/Operator _Jeff Gatlin(?)_ – Pers. address:   Phone ( ) _____

Address _13147 Times Ave SW_   City _Burnsville_   State _Minn_ Zip _55337_

## RELEASE OF LIABILITY

I/We hereby agree to waive and release any and all claims of any kind of nature whatsoever, including without limitation, claims for damage to the vessel, its appurtenances, furnishings, and other articles of any nature, and for personal injury or death, against VESSEL ASSIST Association of America, Inc. and/or its officers, directors, employees, shareholders, affiliates, agents and contractors related in any manner to the services provided hereunder (collectively referred to as "VAAA"). In consideration of the rates charged either for membership or otherwise, the liability of VAAA for such loss, damage, injury or death, shall in all events be limited to $50.00 per occurrence for property damage and $500.00 per occurrence for personal injuries and/or death. I/We agree to indemnify, hold harmless, and defend VAAA against all claims made by persons aboard the vessel for property damage or loss, personal injury, and/or death which otherwise would be waived, released, or limited hereunder if brought by me/us. I/We further agree to pay for all services provided hereunder, without offset of deduction, at the time of billing regardless of the result or outcome of services provided. If I/we fail to pay any invoices when due, I/we agree to pay a late charge of 1.5% per month (18% per annum), or the maximum charge allowed by law, whichever is less, and additionally agree to pay any attorney's fees and costs related to any controversy or claim arising out of or relating to this Agreement, and in the event it becomes necessary to arrest or otherwise seize said vessel, the undersigned agrees to pay all costs of such arrest. Controversy or claims that may arise from, but not limited to, this agreement shall be settled by The Maritime Arbitration Association of the United States in accordance with its Rules, and judgment on the award may be entered in any court having jurisdiction thereof. The parties understand that they are waiving any right to a jury trial.

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ATLANTIS MARINE TOWING, INC.

## DEFENDANTS

S/Y "WAYWARD WIND," her engines, tackle, equipment, and appurtenances, in rem, JEFERY CUTSHALL, her owner, and THE HANOVER INSURANCE COMPANY, her insurer, in personam.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE    IN LAND CONDEMNATION CASES  USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Dade 1:01CV1457/DLG/WCT

**(c)** ATTORNEYS (FIRM NAME ADDRESS AND TELEPHONE NUMBER)

BLANCK & PERRY, P.A.
5730 S.W. 74th St., Miami, Fl. 33143

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 640 R R & Truck | **A PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | **PERSONAL INJURY** | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 362 Personal Injury – Med Malpractice | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 365 Personal Injury – Product Liability | ☐ 690 Other | ☐ 840 Trademark | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 368 Asbestos Personal Injury Product Liability | | | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | **PERSONAL PROPERTY** | **A LABOR** | **B SOCIAL SECURITY** | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 893 Environmental Matters |
| | ☒ 340 Marine | ☐ 371 Truth in Lending | ☐ 862 Black Lung (923) | ☐ 894 Energy Allocation Act |
| | ☐ 345 Marine Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 895 Freedom of Information Act |
| **A REAL PROPERTY** | ☐ 350 Motor Vehicle | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 355 Motor Vehicle Product Liability | | ☐ 865 RSI (405(g)) | |
| ☐ 220 Foreclosure | ☐ 360 Other Personal Injury | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 442 Employment | **HABEAS CORPUS** | ☐ 791 Empl Ret Inc Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Salvage claim under General Maritime Law

LENGTH OF TRIAL via __ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER F R C P 23

DEMAND $ 12,500

CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)

JUDGE ____ DOCKET NUMBER ____

DATE 10 April 2001

SIGNATURE OF ATTORNEY OF RECORD

RECEIPT # __ AMOUNT $ __ APPLYING IFP __ JUDGE __ MAG JUDGE __

FOR OFFICE USE ONLY